## Robert Shook and another v. William H. Proctor and others.

*Equity pleading and practice: Answer: Implied admissions.* Where a bill to set aside a deed of property given in exchange for other property in another state, charges that the defendants had no title to the lands given in exchange therefor, and that the deed in question was procured by false and fraudulent representations that they had a perfect title thereto, and waives an answer under oath, and the answer without oath does not deny that defendants had no title, nor allege title, but relies upon the defense that no representations of title were made, and the whole course of the proceedings has been upon the assumption or implied admission of want of title, the decree of the court below in favor of complainants will not be reversed for a failure to introduce evidence of the negative fact of want of title.

*Burden of proof: Implied admissions.* The effect and bearing upon the question of the burden of proof, of omissions and implied admissions in answers in chancery, considered.

*Heard May 8 and 9.  Decided July 11.*

Appeal in Chancery from Branch Circuit.

*John B. Shipman* and *L. T. N. Wilson*, for complainants.

*Bowen & McGowan* and *C. I. Walker*, for defendants.

CHRISTIANCY, CH. J.

This was a bill filed in the circuit court for the county of Branch in chancery, to set aside a deed of certain property in Branch county, executed by the complainants to the defendants, Wm. H. Proctor and Edwin D. Lyon, on the ground that it was obtained by fraud and without consideration.

The bill sets forth, in substance, that on the 22d day of February, 1869, complainants, being the owners of said land in the county of Branch, with a saw-mill thereon, were induced by the defendants, Wm. H. Proctor and Edwin D. Lyon, to trade the same for certain lands in Van Buren county, in the state of Iowa, of which they represented Wm. H. Proctor to be the owner (describing them); that, to induce said complainants to make such trade, said Proctor and Lyon represented to them that said Proctor had a good title to said Iowa lands, and owned them in fee; and, to win their confidence and induce them to rely upon said representations, and not to examine into the state of the title, they produced and showed a paper purporting to be a certificate of some officer who had charge of the record evidences of title in Van Buren county, Iowa, going to show that the title was good and all right; that at that time neither of complainants had any knowledge or information in regard to said title, but depended wholly upon said Proctor and Lyon's representations, as they well knew; that by such means they won the confidence of the complainants, and induced them to believe the title was good, and that, relying upon these acts and representations, complainants made the trade, and to carry out the same executed and delivered to them their warranty deed, dated February 22d, 1869, conveying to them jointly said lands in Branch county; that said Wm. H. Proctor, with his wife, executed, at the same time, to complainants, a deed purporting to convey to complainants the said Iowa lands, the consideration for which was, in fact, the conveyance by complainants, above mentioned, of the said Branch county lands; that it was distinctly understood and agreed between the parties that the deed of said Iowa lands was to be a full warranty against every thing and every body, and complainants supposed at the time they had received such a deed; that they did not do the business themselves personally, but trusted to others to fill up the deed, etc.; that it was not read to them, and they were ignorant of its con-

tents, but supposed and believed, as it was a printed form, it was all right, and did not discover that it was a special warranty against such persons only as should claim the premises by, through or under said Proctor, until about a month after; that they would not have accepted the deed had they known what it was, and that said Proctor and Lyon knew this; that when complainant (Robert Shook) discovered that it was only a special warranty, he called upon the attorney of Proctor and Lyon, who seemed to act for them in making the papers, and claimed another deed, as this was not right; but that their attorney assured him, and finally made him believe, that the deed was all right as it was, and as good as any, and he went away satisfied for the time; that complainants supposed and believed that they got a good and perfect title at the time they got the deed to the Iowa lands; that, upon receiving the deed of complainants, said Proctor and Lyon took possession of said Branch county lands so conveyed to them, and they, and those claiming under them, have had the use and profits of it since.

Complainants further allege that they have since discovered that said Wm. H. Proctor had no title whatever to the said Iowa lands, so pretended to have been conveyed to complainants, and that complainants got no title thereby.

They charge that said pretended certificate of title, was, as they believe, a paper manufactured expressly to deceive people and to cheat them of their property; that said Proctor and Lyon knew that said William H. Proctor could not, and did not convey to them any title; that each of said representations so made by them on said trade, about said title, were false.

Complainants then allege that on the 27th of May, 1869, said Wm. H. Proctor (and wife) and Edwin D. Lyon (and wife), by deed pretended to convey an undivided one half of said Branch county property to Alonzo W. Eaton, for the nominal consideration of one thousand and five hundred dollars; but that no consideration was, in fact, paid; or, if

any was paid, it was but a small sum merely to give color
to the transaction, and entirely inadequate; that at the
same time, they took back a mortgage purporting to secure
one thousand and seventeen dollars of the purchase money,
said amount becoming due in three yearly payments with
interest, said mortgage being given, however, to said Lyon
and to Mary A. Proctor, instead of her husband (Wm. H.
Proctor), who was the real party in interest; that February
2, 1870, said Wm. H. Proctor by deed of that date pretended
to convey an undivided one-fourth of said Branch county
property to one J. N. Proctor of the state of Vermont, for
the pretended consideration named in the deed, of eight
hundred dollars, but in fact nothing whatever was paid,
said J. N. Proctor being a relation of Wm. H. Proctor and
in the ring with them; and they charge that neither said
Eaton nor said J. N. Proctor are *bona fide* purchasers, but
that each is chargeable with notice of the fraud so prac-
ticed upon the complainants by said Lyon and Wm. H.
Proctor, and of all the equities of complainants; that said
Wm. H. Proctor and Edwin D. Lyon, recently hearing that
proceedings were to be instituted to set aside said trade, in
order to cover up and complicate matters, made a pretended
assignment of an undivided half interest in said Eaton
mortgage to the defendant Newton T. Lyon, a brother of
said Edwin D. Lyon; that this assignment was made with-
out consideration, and without the knowledge or procure-
ment of said Newton T., who is not a *bona fide* assignee for
value, but holds the same for the use of said Edwin D.;
that the assignment was never delivered to said Newton T.;
that on the 23d July, 1870, there was filed in the regis-
ter's office a paper purporting to be an assignment from, and
to be executed by, said Mary A. Proctor, of an undivided
half of said Eaton mortgage, to Newton Lyon, being the same
person who is called Newton T. Lyon, but the assignor not
knowing his full name, and the assignee being busy at his
work and absent, the middle initial was not inserted; that this
was never delivered to said Newton T.; charges that he

paid no consideration for this, and that it was made without his procurement, and for the purpose of putting the same beyond the reach of complainants, and to embarrass them in obtaining a remedy.

The bill prays that complainants' deed of the Branch county property to said Wm. H. Proctor and Edwin D. Lyon, and the deed from said Wm. H. Proctor and Lyon and their wives, to Eaton, and the pretended mortgage from him to Lyon and Mary A. Proctor, the deed of said Wm. H. to J. N. Proctor, and the said pretended assignments of the mortgage to Newton T. Lyon, may each and all of them be declared and decreed fraudulent and void, as against complainants, and may be cancelled; and that complainants be decreed to be the owners of said Branch county property, and their record title thereto perfected; prays an account of rents and profits, complainants offering to reconvey to said Wm. H. Proctor any interest it may be claimed they have acquired to the Iowa lands.

The defendants put in an answer without oath (the oath being waived by the bill), admitting the ownership by complainants of said Branch county property, on the 22d of February, 1869. But defendants Wm. H. Proctor and Edwin D. Lyon say,—and the other defendants say they believe the statements to be true. in substance,—that they did not induce the plaintiff to make the trade set out in the bill in the manner therein stated, but say said Robert Shook proposed and was anxious to make such trade; that such Branch county land was subject to a mortgage which Shook said he could not pay, and that he desired to exchange for western lands; that Shook inquired about one Gregory, who he said owned some Iowa lands,—he wanted to see him and see what kind of a trade he could make; that defendant, Edwin D. Lyon, told Shook that said Gregory lands were owned by Wm. H. Proctor (one of these defendants), and that he, Shook, could make the trade with him, said Lyon, as Proctor had left directions with him to dispose of said land for his, Proctor's, benefit; but that the

said Lyon had no interest in said land, and knew nothing of the title; that Shook then requested him, Lyon, to aid him in making such trade; and Lyon further denies,—and the other defendants believe it to be true,—that he made any such representations in regard to the title, or showed any paper in reference thereto, as set up in the bill, or that he made any representation in regard to the title; but informed him that he knew nothing of the lands or title; but admits that he did state to Shook that said Proctor had a deed which he received from Oliver A. Proctor, and that he, Lyon, had sold some of the land so received from Oliver A., to one Harris, and that Harris had informed him that he had been to Iowa, examined the land and title and found them all right, and that he requested Shook to call and see Harris on the subject; that said Wm. H. Proctor informed complainants where they could get information; that complainants relied upon such information as they chose to obtain, and not upon any representations made by defendants. Defendants admit the execution of the deed by complainants to said Wm. H. Proctor and Edwin D. Lyon, of the Branch county property, but say said property was subject to two mortgages; that the consideration stated in the deed was three thousand and five hundred dollars; that seven hundred and seventy-five dollars was the amount of said mortgages, which the grantees assumed and agreed to pay, and have since paid; that the balance of the consideration was an interest of said Wm. H. Proctor in said Iowa lands deeded to complainants. Defendants Wm. H. Proctor and wife deny—and the other defendants believe the denial to be true—that there was ever any understanding that the deed of the Iowa lands was to have been a full warranty, as alleged in the bill, but say the agreement was, they should deed to complainants all the interest of said Proctor in said lands; allege that the deed was read to the complainants before execution, and they were satisfied with the same, and accepted it with full knowledge of its contents.

Defendant Edwin D. Lyon says—and the others believe it to be true—that the deed of complainants was made to him (with said Wm. H. Proctor), conveying to him the undivided half of the property, to save making two deeds; that he purchased said half of Wm. H. Proctor for five hundred dollars in hand paid, and was to take charge of the property, and look after the interests of said Proctor, etc. Defendants admit that said Proctor and Lyon took possession of said Branch county property. Said Wm. H. Proctor admits—and the other defendants believe it to be true—that he did deed to complainants his interest in said Iowa lands, which was the same only as he purchased of Oliver A. Proctor; and all the defendants deny that they knew that Wm. H. Proctor could not or did not convey to complainants a good title.

Defendants Wm. H. Proctor and wife and Mary A. Proctor and Edwin D. Lyon admit—and Alonzo W. Eaton and the other defendants believe it to be true—that they did convey to Alonzo W. Eaton an undivided half interest in the Branch county property; deny that it was without consideration, but say and insist that it was for a full and valuable consideration, and that Eaton took possession under his deed, and still holds and occupies the same as a *bona fide* purchaser, and that Eaton gave back the mortgage mentioned in the bill, and that the mortgage was given to the said Mary A., with said Lyon, to secure her for money advanced to pay mortgages on the property. Wm. H. Proctor admits the convey anceby him to said J. N. Proctor, alleged in the bill, of an undivided one-fourth interest of said Branch county property; that said J. N. Proctor is a relation of his, and that the consideration in said deed was eight hundred dollars, but he denies that no consideration was paid him, and says the eight hundred dollars was paid as stated in the deed. Defendants insist that said Alonzo W. Eaton and J. N. Proctor are purchasers in good faith and for value; admit that said Edwin D. Lyon made an assignment of half of the mortgage of said Eaton, to New-

ton T. Lyon, brother of Edwin D., but deny that it was so made without the knowledge or privity of said Newton T., and insist that it was assigned for a valuable consideration, and that he is a *bona fide* purchaser; that Mary A. Proctor assigned her undivided interest in the said mortgage, to said Newton T. Lyon, and that he paid her for the same, one hundred and eighty dollars, and that the said Newton T. is a *bona fide* purchaser for value.

The case was heard on its merits, upon pleadings and proofs. The circuit court found all the material facts stated·in the bill to be true, and made a decree granting substantially the relief prayed by the bill, as to all the defendants, but allowing to defendants Proctor and Lyon the amount paid by them on the incumbrances upon the Branch county property.

The evidence was conflicting, and to discuss it here in all its bearings, and to show the various grounds for belief or disbelief, could serve no useful purpose, and would lead to intolerable prolixity. We have carefully examined the pleadings and the evidence, and considered the actions and probable motives of the parties in all their bearings, and have been able to reach no other result than that arrived at by the circuit judge who tried the cause, and with whose conclusions we entirely agree. We cannot resist the conviction that Wm. H. Proctor and Edwin D. Lyon obtained the complainants' Branch county property by acts and representations which constituted not only legal, but actual fraud; that they combined and conspired to bring about that result, knowing, or having good reason to believe, that the title which Wm. H. Proctor pretended to hold by deed from his brother, Oliver A., and which, by the suspicious deed described in the bill, he pretended to convey to complainants, was not good; that the other defendants, if not originally parties to the conspiracy, subsequently acceded and became willing parties to it, aiding to the best of their ability to perfect the scheme and consummate the fraud by entangling and mystifying the title of the Branch

county property by conveyances, mortgages and assignments, for the purpose of embarrassing the complainants in any attempt which should be made to regain it. And, in our view, the case would present a much more favorable aspect for the defendants, if it did not furnish strong grounds to suspect that some persons who were sworn as witnesses, but are not made defendants, were parties to the scheme of defrauding complainants, and perhaps any others who might be allured into the purchase of Iowa lands to which they had no good reason to believe the pretended vendors had title.

But it is urged on the part of the defendants that the want of title in defendant Wm. H. Proctor constitutes the very basis of the complainants' case, as made by their bill, and that the burden of proving that fact rests upon them; not that they should prove it by the same conclusive proof as if it were an affirmative fact, or a fact peculiarly within their own knowledge; but that they should make *prima facie* proof, fairly tending to show that the title was not, at the time, in Proctor; and that there is no such evidence in this case. While, on the other hand, it is insisted on the part of the complainants that the defendants, by their answer, and their whole course of conduct, as well as by a fair inference from the testimony of the defendant through whom the sale was made, and the whole course of examination, have virtually admitted that Proctor had no title and conveyed none to complainants.

The answer of the defendants, it is true, though not upon oath, seems studiously to avoid any allegation, claim or intimation, that Proctor either had or conveyed any title to the Iowa lands; nor does it go so far as to .claim that any of the defendants believed that he ever had title, but bases the defense, as to this point, wholly upon the denial that either Proctor or Lyon ever made any representations that Proctor had any title, and insists that complainants purchased at their own risk as to title. But it is insisted by the defendants that this amounts to no admission of

want of title; that, as the oath was waived, the answer is
to be treated as a mere pleading, and, as such pleading, it
differs from pleadings at law, which are held to admit
whatever facts they do not deny, in the pleading of the
adversary to which they are an answer; while an answer in
chancery, as to those facts stated in the bill which it does
not deny, simply puts the complainant to proof of that
part of his case; and that a defendant, when the oath is
waived, has a right, by his answer, to put complainant to
the proof of the whole, or any part of his case.     Such is
undoubtedly the general rule as settled by the courts;
though, I think, when the defendant was allowed to answer
without oath, it is to be regretted that the answer should
not have been placed upon the sounder footing as a plead-
ing at law, and held to admit those facts stated in the bill
which it does not deny.     The rule, as it is now recog-
nized, is, in my view, a dry technicality, without good
sense or sound principle to rest upon, and might about as
well have allowed the complainant to proceed to prove his
case, and the defendants to contest it by counter proof
without any answer at all, unless the defendant relies upon
mere matter of confession and avoidance.

But it is clear, nevertheless, that a defendant may, if he
choose, put in an answer admitting the whole or any part
of complainant's case, thereby relieving the complainant
from proof to the extent of the admission.     And if he
choose to put in an answer and take issue upon one only
of several facts or grounds of complaint alleged in the bill,
and the ground upon which he thus chooses to put his defense
is one which, by implication, admits any other fact or
ground of complaint alleged in the bill, I see no reason
why the admission should not be available to the complain-
ant, and relieve him from proof of the fact thus by impli-
cation admitted, though the mere fact of answering to some
of the facts stated in the bill and leaving others unan-
swered, would not, of itself, have this effect.     I know it
has sometimes been said that nothing stated in the bill is

to be regarded as admitted by the answer, unless expressly admitted.

But I have seen no case where such language has been used in which the question involved called for so strong a statement as this. And it seems to me that all that is intended by it is, that a mere failure to deny a fact in the answer is no admission of the fact, but there must be something further, something in what is said in the answer or the particular ground or issue upon which a defendant places his defense, which points to, and involves the admission in question. But where a bill, for instance, sets up the execution of a promissory note by the defendant to the complainant and its loss, claiming that the amount of it is due and unpaid, seeking to base a decree upon it in his favor, an answer, especially if not on oath, and therefore purely voluntary, which states that the note was paid to complainant and delivered up to the defendant, and that he has it in his possession, would be a very clear implied admission of the execution of the note by the defendant, and would relieve the complainant of proof of such execution.

This would certainly be the common sense conclusion anywhere outside of a court of chancery, and I have failed to see any satisfactory reason why that court, more than any other, should repudiate the dictates of common sense and sound logic upon which human affairs are conducted, for a merely arbitrary rule which is recognized by sane minds nowhere else.

Doubtless when an answer is called for under oath, and the defendant is compelled, against his will, to furnish evidence for the complainant and against himself, and to answer any fact stated in the bill to his best knowledge, information and belief, there is much stronger reason for holding that he shall not be bound by any admission not clearly and satisfactorily made; though, even in such a case, upon the principle which underlies all systems of pleading, as well as of evidence, I think it would be going too far to

say such admission must always be made in so many words; since it is well understood that some implied admissions are quite as strong and satisfactory as if expressed.

But when the oath is waived, and the defendant is not compelled to answer all or any of the bill, I can see no just reason why the same implication should not result from such answer as he chooses to make, as would result from a pleading at law.

Now let us see how far, if at all, there is any implied admission of want of title in Proctor naturally or logically to be drawn from the matter of the answer which the defendants have put in, and the ground upon which they have chosen to rest their defense.

It is true that the bill alleged two main facts, showing how complainants had been defrauded of their property, by taking a conveyance of the Iowa land.    These were, *first*, that there was no title to the Iowa lands; and, *second*, that defendants Proctor and Lyon represented the title to be good.    Considered in the abstract, it is true, the denial of one of these facts alone might not seem to involve an admission of the other, as in the case of the promissory note above stated.    But considered with reference to the grievance complained of, and the circumstances stated in the bill, and the ordinary notions of human conduct, the denial of the representations only, without denying the want of title in Proctor, or alleging any title in him, does involve an implied admission, of considerable force, that Proctor had no title and conveyed none.    The substance of complainant's grievance, as stated in his bill, was, that Proctor had no title and complainant obtained none, and that defendant had therefore obtained his Branch county property without consideration.    If he had obtained a title to the Iowa lands, it was quite immaterial whether Proctor and Lyon made the representations or not; and whatever they were they would have been harmless.

Complainant says to the defendants, "I owned the Branch county property; I conveyed it to you in exchange for those

Iowa lands; you had no title to those lands and conveyed none to me, though you represented to me that your title was good; and you have thereby defrauded me of my land." Now it will occur to every one that the defendants, when thus charged, if they were actuated by the motives which ordinarily govern the actions of honest men, would be anxious to show, if the facts warranted it, that they had not obtained the complainant's property for nothing, whether they had made any representations on the subject or not; and if they really believed that complainant had obtained a title to the Iowa lands, and had therefore suffered no griev- ance, but had got what he bargained for, to say so, though they should also deny the representations charged. But in reply to this charge by complainant they simply say: "We never represented or pretended that we had or con- veyed any title to the Iowa lands, and though we got your Branch county lands for the deed of those Iowa lands, and will not venture to say that we ever believed we had or con- veyed to you any title, you took the deed at your own risk and it is nothing to us." It seems to me that this kind of answer involves an implied admission, of considerable force, that there was no title, and that this was a fact they did not mean to contest. And though I do not think it con- clusive, as most admissions in pleading are, so as to pre- clude the defendants from proving a title, yet when con- sidered in connection with the fact that Lyon, in his testi- mony, is also careful not to claim that Proctor had any title, nor even that he believed he had, his extreme care to show that, in all the conversations he had with complain- ant, he has been so careful not to say any thing which could be construed into even the assertion of his belief of a title; and the whole course of the examination of witnesses by the defense, which seemed to go upon the assumption or implied admission that there was no title; the whole con- duct of the parties in reference to the Branch county prop- erty; the entanglement of the title by deeds, mortgages, and

27 mich.—46.

assignments of mortgages, all of which, we are satisfied, were mere shams for the purpose of embarrassing Shook in any attempt to regain the property; the fact that the existence of a title, if there was any, was an affirmative fact much more easy for the defendants to prove than for complainants to disprove, and that such title, if one existed, must be supposed to have been more peculiarly within the knowledge of Lyon and Proctor; that, though they had set up no title in their answer, it was still competent for them to prove one if it existed, to meet and rebut the natural inferences against it, arising from their whole course of conduct; that the proof of such title would, at any time, have put an end to complainants' case, and that an abstract or exhibition of the papers constituting such title, with a proper explanation to complainants, before the institution of the suit, would, in all probability, have prevented it: all these considerations tend so strongly to show that there was no title to the Iowa lands, and that defendants Lyon and Proctor at least were aware of that fact, that these considerations, without reference to any negative proof by complainants, of want of title, have produced upon our minds a settled conviction, a full and satisfactory belief, not only of the want of title, but that defendants Proctor and Lyon, through whom the other defendants claim, were aware of that fact, and did not undertake to show a title because they were conscious of their inability to do so.

This being so, is there any rule of law,—can there be any,—which shall so far prevent us from acting upon that belief, as to require us to hold that a *prima facie* case of want of title has not been established, and that complainants are bound to go further and introduce evidence tending to show the negative fact of want of title, before the burden of proof should be thrown upon the defendants to prove there was such title?

In view of all these facts going to show a want of title, it devolved upon the defendants to show that Proctor had

title, and having failed to do so, or to make the attempt, the decree of the circuit court in chancery should be affirmed, with costs to complainants, in both courts.

The other Justices concurred.